IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DONALD HOLAWAY, Individually,　　\*
and on Behalf of a Class of all
Persons Similarly Situated,　　\*

　　　　Plaintiff　　\*

vs.　　\*

　　　　　　　　　　CASE NO. 4:07-CV-109 (CDL)

PROTECTIVE LIFE INSURANCE　　\*
COMPANY, a Corporation,
　　\*
　　　　Defendant
　　\*

# O R D E R

Defendant has filed a Motion to Dismiss Plaintiff's Complaint because this Court lacks subject matter jurisdiction (Doc. 5). For the following reasons, Defendant's motion is granted.

## BACKGROUND

This case is a putative class action arising from Defendant's alleged failure to refund unearned credit life insurance premiums to its insureds when those insureds pay off the underlying loans before their maturity dates. Similar cases have previously been filed in this Court. In fact, another case against this same Defendant filed by the same lawyers representing the Plaintiff in this case is presently pending. *Bishop's Property & Investments, LLC et. al. v. Protective Life Ins. Co.,* Case No. 4:05-cv-126, Middle District of Georgia. The gravaman of these complaints is that the Defendant collected credit life/disability insurance premiums at the inception

of motor vehicle loans to cover those loans for the entire term of those loans and that the Defendant failed to refund unearned premiums when those loans were paid off prior to the loan termination date.

In the present action, Defendant has submitted uncontroverted evidence that Defendant refunded to Plaintiff the unearned premium prior to the date that Plaintiff filed this lawsuit. Defendant therefore maintains that Plaintiff does not have standing to pursue this action because no present live controversy exists for adjudication pursuant to Article III of the Constitution.

## DISCUSSION

In every federal case, the jurisdictional power of the district court depends upon the continued presence of an actual "case and controversy" between the parties. *See* U.S. Const., art. III, § 2, cl. 1; *Powell v. McCormack,* 395 U.S. 486, 497 (1969). When "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome[,]" *Powell,* 395 U.S. at 496, the controversy vanishes and becomes moot. *See also Tucker v. Phyfer,* 819 F.2d 1030, 1033 (11th Cir. 1987). "[T]he question of mootness is one . . . which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971).

In class actions, the general rule is that the individual claims of a class representative "must be live both at the time he brings suit and when the district court determines whether to certify the putative class. If [his] claim is not live, the court lacks a

2

justiciable controversy and must dismiss the claim as moot." *Tucker,* 819 F.2d at 1033 (*citing U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, n.11 (1980)). The issue presented by the present motion is whether Plaintiff's claim was live at the time he filed his Complaint.[1]

In this case, Defendant has presented affidavits establishing that Defendant refunded to Plaintiff his unearned premiums before Plaintiff ever filed this lawsuit.[2] Although Plaintiff maintains that this tender does not moot the present lawsuit, Plaintiff does not dispute that the refunds were made. Therefore, there is no need for discovery on this issue. Struggling to resurrect his claim, Plaintiff argues in his response to Defendant's motion that while Defendant made the refund, it did not do so "promptly." Plaintiff's reliance upon the lack of "promptness" of the refund is curious, particularly since "promptness" is never mentioned in Plaintiff's Complaint. The Court must conclude that its absence was not an oversight and conjectures that it was omitted due to the myriad of potential problems associated with the certification of a class based

---

[1] Defendant's motion does not involve the issue of a claim being live when the complaint is filed but becoming moot before class certification. For a discussion of this issue, *see Bishop's Property & Investments v. Protective Life Ins. Co.,* 463 F. Supp. 2d 1375 (M.D. Ga. 2006).

[2] Plaintiff paid off his loan on August 30, 2005. Upon being notified of the early pay-off, the vehicle dealer refunded to Plaintiff $38.84 on December 5, 2005, which represented Defendant's portion of the unearned premium. On June 14, 2007, the dealer refunded the dealer's portion of the unearned premium in the amount of $31.78. Both refund checks were negotiated by Plaintiff. Plaintiff filed the present lawsuit on June 28, 2007.

3

upon the indefinite "promptness" of refunds. Regardless of the reason that "prompt" appears nowhere in Plaintiff's Complaint, it is clear that the essence of Plaintiff's Complaint is that Defendant had a duty to refund the unearned premiums, and it did not do so. It has been irrefutably established, however, that Defendant did in fact do so and that Defendant did so prior to the filing of Plaintiff's Complaint. Consequently, no live controversy existed at the time Plaintiff filed his Complaint because Plaintiff had been refunded his unearned premiums. At the risk of being inappropriately casual about it, Plaintiff "can't get what he already got." No amount of discovery will change these facts.

Intertwined with his "promptness" argument is Plaintiff's claim that Defendant owes him interest on the amount of the refund from the date that it should have been paid had it been paid "promptly."[3] Leaving for another day the determination of whether an insured is entitled to recover prejudgment interest on an unearned premium that *has not* been refunded, the Court finds that a potential claim for interest *alone* tied to an indefinite "prompt" refund date is insufficient to establish standing when the underlying obligation upon

---

[3] If Plaintiff were entitled to interest from the date that he paid off his loan at the rate of ten percent, which is approximately double the prevailing market rate, Plaintiff's claim for damages (interest) would amount to less than $7.00.

4

which the speculative interest is based was fully discharged *prior* to the filing of the lawsuit.[4]

Since the facts necessary for a determination of standing are undisputed and no discovery will create any genuine issue as to those facts, Defendant's motion can be decided without the additional delay and expense associated with such discovery. In the absence of a live controversy between Plaintiff and Defendant at the time that Plaintiff filed his Complaint, Plaintiff lacks standing under Article III of the U.S. Constitution. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 5) is granted.

IT IS SO ORDERED, this 3rd day of October, 2007.

                                                S/Clay D. Land
                                                     CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE

---

[4] Even if the Plaintiff had standing to pursue his individual claim for interest only, the Court is skeptical as to whether he would be an appropriate class representative for a class of persons who have claims for unearned premiums plus interest.